IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00243-RPM

SHERRON L. LEWIS, JR.,

        Plaintiff,

v.

JUDGE MICHAEL ROMERO, U.S. Bankruptcy Court, District of Colorado
(in his personal and official capacity);
PAUL QUINN, U.S. Trustee (in his personal and official capacity);
JENNIFER McCALLUM, Trustee (In her personal and official capacity);
JOHN C. PARKS (in his personal and official capacity);
ROSANNE HALL (in her personal and official capacity);
THE LAW FIRM OF McELROY, DEUTSCH, MULVANEY & CAPRPENTER, LLP,
(in their representative capacity as legal advisors and legal representatives to Jennifer McCallum as Trusee),

        Defendants.

_____

ORDER OF DISMISSAL
_____

This civil action was initiated by a complaint filed February 1, 2007, signed by Derek W. Cole as attorney for the plaintiff.  On February 6th, 2007, defendants McCallum, Trustee, John Cardinal Parks, Rosanne M. Hall, and the law firm of McElroy, Deutsche, Mulvaney & Carpenter, LLP, filed a motion to dismiss.  On March 14, 2007, Sherron L. Lewis, Jr., appearing *pro se*, filed a motion for enlargement of time to respond to that motion, alleging that he would not be moving forward in this matter with Mr. Cole as attorney.  On the same day, Mr. Lewis filed a "Substitution of Counsel," signed by him substituting himself for his attorney Derek W. Cole.  On April 6, 2007, the

defendant Judge Michael Romero filed a motion to dismiss.  On April 30, 2007, Sherron L. Lewis filed, *pro se*, his response to the motion to dismiss by the defendants other than Judge Romero and also filed an amended complaint, *pro se.*  The amended complaint appeared to duplicate the original complaint, filed by Mr. Cole.

All of the factual allegations contained in the plaintiff's pleading, originally and amended, assert that in his bankruptcy proceeding under Chapter 7 in which Jennifer McCallum was appointed Trustee, the litigation which he had sought to pursue in this court and in the state courts was compromised by the Trustee with the approval of Judge Romero and that action together with other aspects of the bankruptcy proceeding violated the constitutional rights to "due process" and equal protection under the law for which Mr. Lewis seeks redress under 42 U.S.C. § § 1981, 1982, 1983, 1986, and 1988 as well as the due process clause of the Fifth Amendment to the Unit+ed States Constitution.  The defendant Bankruptcy Judge Romero has moved to dismiss for absolute immunity and the other defendants moved to dismiss because the plaintiff failed to obtain authority from the Bankruptcy Court to sue the Trustee and those acting for the Trustee.  In his response, Mr. Lewis asserts that no prior approval was necessary because the Trustee and those acting on her behalf acted in excess of their authority and in an unofficial capacity.

Accepting all of the allegations the plaintiff has made as true, he has failed to state any claim for relief, warranting dismissal under Fed.R.Civ.P. 12(b)(1) and 12(b)(6). All of the allegations relate to proceedings in the Bankruptcy Court and within the jurisdiction of that court.  The judicial immunity of the Bankruptcy Judge also

includes the quasi-judicial immunity of the Trustee and those acting on her behalf in those proceedings.  The plaintiff's redress is by an appeal from the rulings made by Bankruptcy Judge Romero, not by a collateral action in this court.  It is therefore

ORDERED that this civil action is dismissed.

DATED: May 15th, 2007

                                            BY THE COURT:

                                            s/Richard P. Matsch
                                            _____
                                            Richard P. Matsch, Senior Judge