IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00243-RPM

SHERRON L. LEWIS, JR.,

    Plaintiff,

v.

JUDGE MICHAEL ROMERO, U.S. Bankruptcy Court, District of Colorado
(in his personal and official capacity);
PAUL QUINN, U.S. Trustee (in his personal and official capacity);
JENNIFER McCALLUM, Trustee (In her personal and official capacity);
JOHN C. PARKS (in his personal and official capacity);
ROSANNE HALL (in her personal and official capacity);
THE LAW FIRM OF McELROY, DEUTSCH, MULVANEY & CAPRPENTER, LLP,
(in their representative capacity as legal advisors and legal representatives to Jennifer McCallum as Trusee),

    Defendants.

_____

ORDER DENYING RULE 59(e) MOTION
_____

On May 25, 2007, the plaintiff filed a pleading designated Motion to Alter or Amend this Court's Order of May 15, 2007, Pursuant to Rule 59(e).  In that motion Mr. Lewis repeats his arguments that Bankruptcy Judge Michael Romero acted outside of his jurisdiction and that the other defendants in their actions in Mr. Lewis' bankruptcy proceedings also acted in the absence of any authority.  In this Court's Order of Dismissal, entered May 15, 2007, absolute immunity was recognized for Bankruptcy Judge Romero and quasi-judicial immunity granted to the other defendants because the plaintiff's claims in this civil action are all predicated on his assertion that his rights

under the United States Constitution were violated by the defendants.  Claims of constitutional error in court proceedings are properly raised by direct appeal and not in a collateral action.  Mr. Lewis recognized that by filing a notice of appeal from the bankruptcy court order of November 14, 2006, granting the trustee's motion for approval of compromise of his lawsuits in this and state courts.  In entering the Order of Dismissal, this Court relied on the explanation of the case and the exhibits concerning the bankruptcy proceedings, attached to the motion to dismiss filed by the United States Attorney on behalf of Bankruptcy Judge Romero.   Nothing in the plaintiff's motion filed on May 25, 2007, denies the recital in the motion to dismiss or any of the exhibits attached.  It is therefore

ORDERED that the Motion to Alter or Amend this Court's Order of May 15, 2007, Pursuant to Rule 59(e) is denied.

DATED: May 29th, 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge